Orly Taitz SBN: 223433
Law Offices of Orly Taitz
Rancho Santa Margarita Parkway, Ste. 100
Rancho Santa Margarita, California 92688
Telephone: (949) 683-5411
Facsimile: (949) 766-7603

Attorney for Appellant/Creditor
Medical Dental Development, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>DAVID JOHNSON,<br><br>Debtor<br><br>MEDICAL DENTAL DEVELOPMENT, LLC,<br><br>Appellant/Creditor,<br><br>v.<br><br>DAVID JOHNSON,<br><br>Appellee/Debtor | Case No. SACV 16-00398 JAK<br><br>Bankruptcy Court Case No.: 8:11-bk-20423-MW<br><br>**APPELLANT'S OPENING BRIEF**<br><br>**APPEAL OF DENIAL TO REPOEN BANKRUPTCY DUE TO FRAUD, CONCEALMENT OF BANKRUPTCY ASSETS AND FALSE BANKRUPTCY DECLARATIONS IN HIDING ASSETS** |

# TABLE OF CONTENTS

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
Statement of Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
Memorandum of Points and Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11
Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12

# TABLE OF AUTHORITIES

**Statutes**

11 U.S.C. § 350(b) 7, 8

Fed. R. Bankr.P. 5010 7

**Cases**

*Batstone v. Emmerling (In re Emmerling*), 223 B.R. 860 (2d Cir. BAP 1997) 8

*Biesek v. Soo Line Railroad Company*, 440 F.3d 410 (7th Cir. 2006) 9

*Citizens Bank & Trust Co. v. Case*, 937 F.2d 1014 (5th Cir.1991) 8, 10

*Curry v. Castillo* (*In re Castillo*), 297 F.3d 940 (9th Cir. 2002) 8

*Doyle v. Ponsford*, 136 F.2d 401 (8th Cir. 1943) 10

*Elias v. Lisowski Law Firm*, 215 B.R. 600 (B.A.P. 9th Cir. 1997) 8

*Hawkins v. Landmark Finance Co*., 727 F.2d 324 (4th Cir. 1984) 9

*Holmberg v. Armbrecht*, 327 U.S. 392, 66 S.Ct. 582 (1946) 9

*In re Arana*, 456 B.R. 164 (E.D.N.Y. 2011) 8, 9

*In re Farley*, 451 B.R. 235 (Bankr.E.D.N.Y.2011) 10

*In re Johnson*, 291 F.2d 910 (8th Cir.1961) 11

*In re Lewis*, 273 B.R. 739 (Bankr.N.D.Ga.2001) 10

*In re Lowery*, 398 B.R. 512 (Bankr.E.D.N.Y.2008) 8

*In re Miller*, 347 B.R. 48 (Bankr. S.D.Tex. 2006) 11

*In re Stein*, 394 B.R. 13 (E.D.N.Y. 2008) 10

*In re Towns*, 16 B.R. 949 (Bkrtcy.N.D.Iowa 1982). 9

*In re United Health Care Systems*, 396 F.3d 247 (3d Cir. 2005) 7

*In re Winburn*, 196 B.R. 894 (Bankr. N.D. Fla. 1996) 8

*Katz v. I.A. Alliance Corp.* 104 Fed.Appx. 199 (2d Cir.2004) 10

*Kozman v. Herzig* 96 B.R. 264 (9th Cir. BAP 1989) 11

*Marrama v. Citizens Bank of Mass*., 549 U.S. 365 (2007) 7

*Rosinski v. Boyd (In re Rosinski*), 759 F.2d 539 (6th Cir. 1985) 8, 9

*White v. Boston*, 104 B.S. 951 (S.D. Ind., 1989) 9

## JURISDICTION

Any final order of a bankruptcy court can be appealed to a District Court. 28 U.S.C. §158(a). The closing of the underlying bankruptcy case and refusal to re-open in the underlying matter comprise a final order.

## STATEMENT OF FACTS

The instant appeal is for an order to reopen a bankruptcy proceeding due to fraud, concealment of bankruptcy assets and, false bankruptcy declarations in hiding assets. Appellee David Johnson, D.C. ("Johnson") is a successful chiropractor currently working in Suite M, 29851 Aventura, Rancho Santa Margarita, CA. He was formerly a tenant in the building owned by Medical Dental Development, LLC ("MDD") located at 29839 S. Margarita, Rancho Santa Margarita, CA. Johnson, along with fellow chiropractors Todd Pierson and Raif Iskandar, rented an entire suite of offices comprised of ten treatment rooms, offices and a reception area under a ten-year lease. The trio sublet portions of the suite to other health care professionals.

Following five years of paying rent on the lease, Johnson, Pierson and Iskander vacated the suite and stopped paying rent, leaving five years of rent due. Medical Dental Development sued the trio and, on July 20, 2011, obtained an abstract of judgment in the sum of two hundred ninety thousand, five hundred and seventy-five dollars ($290,575.00) (EXHIBIT "A").

Six days after the abstract of judgment was filed, on July 26, 2011, Johnson filed a chapter 7 petition for bankruptcy protection in case number 11-bk-20423 and scheduled MDD's claim in the amount of $290,000. The panel trustee did a cursory, at best, review of Johnson's assets and filed a Chapter 7 Trustee's Report of No Distribution on September 27, 2011. Johnson received a discharge on

November 17, 2011 and the court closed the case on November 22, 2011.

MDD was not aware of the filing of the bankruptcy until one day before the discharge was entered. No notice was given. The notice that they were supposed to have received had been mailed to a faulty address and was neither received by them nor, apparently, received back by the bankruptcy court. MDD moved to reopen the proceeding so that it could examine Johnson and proffer evidence (Exhibit "B"), but the court abused its discretion and denied the motion (Exhibit "C").

Iskandar recently contacted Taitz, attorney for MDD, and revealed that Johnson had failed to disclose in his bankruptcy schedules an inheritance that he had received upon the death of his father and failed to reveal the actual value of his chiropractic practice at the time of his filing.

Taitz contacted the trustee on the bankruptcy case, Ms. Veneta Kosmala, and informed her that Johnson had failed to disclose the inheritance and failed to disclose the actual value of the practice. Taitz was then contacted by an assistant to the trustee, Mr. David Fitzgerald, who informed her that Kosmala needed further information.

Taitz forwarded the request to Bruce D. White, Esq. ("White"), attorney for Johnson, and requested additional information on both the inheritance and the practice valuation (Exhibit D: email sent to White containing request for information from trustee; Exhibit E: declaration of Taitz.) Not surprisingly, White chose not to reply in any manner to Taitz's inquiry.

Taitz contacted Mr. Sam Reader of SGR, Inc. ("Reader"), a chiropractic management company located in Sedona, AZ, who specializes in chiropractic practice valuations and practice sales and received a response showing that practices similar to Johnson's were selling for $297,000, exceeding the judgment obtained against Johnson and vastly different from the *de minimus* valuation of the Johnson practice (Exhibit "F").

Based upon the foregoing, MDD filed a Motion to Re-Open due to Fraud and

Non-Disclosure of Inheritance and Value of Business (Exhibit "G") which was set for hearing, but hearing was denied when the Bankruptcy Court summarily denied the Motion, an abuse of the court's discretion asserting that it was the same motion as MDD's earlier motion even though the second motion concerned the incorrect valuation and the inheritance (Exhibit "H"), neither of which were known when the bankruptcy petition was processed. It is from this denial that this appeal is made.

**MEMORANDUM OF POINTS AND AUTHORITIES**

A bankruptcy case that has been fully administered and closed "may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). A motion to reopen a case may be made by the debtor, the trustee, or another party in interest. In this case Appellant/Creditor MMD is the party in interest. *See* Fed. R. Bankr.P. 5010. If a case is reopened, the court must determine whether it is necessary to appoint a trustee "to protect the interests of creditors and the debtor or to insure efficient administration of the case." Fed. R. Bankr.P. 5010.

The appellate court reviews the bankruptcy court's legal determinations *de novo*, its factual findings for clear error and its exercise of discretion for abuse. *See In re United Health Care Systems*, 396F.3d 247, 249 (3d Cir. 2005. There is clear error and abuse of discretion in this matter. When deciding whether to reopen a case under §350(b), courts must "emphasize substance over technical considerations." *Batstone v. Emmerling (In re Emmerling*), 223 B.R. 860, 864 (2d Cir. BAP 1997)).

> "As the Supreme Court has stated on several occasions, the benefits of the bankruptcy process are reserved for the 'honest but unfortunate debtor.' *Marrama v. Citizens Bank of Mass*., 549 U.S. 365, 367 (2007). These benefits are accompanied by significant obligations, including disclosure

obligations. As one court notes:

> "'A long standing tenet of bankruptcy law requires that one seeking its benefits satisfy a companion duty to schedule all his interests and property rights. Simply stated, a debtor seeking shelter under the bankruptcy law must disclose all assets and potential assets. Full and honest disclosure in a bankruptcy case is crucial to the effective functioning of the bankruptcy system. Because the bankruptcy court, trustees, and creditors rely on the information disclosed by a debtor, the importance of full disclosure cannot be overemphasized. *In re Lowery*, 398 B.R. 512, 515 (Bankr.E.D.N.Y.2008).'" *In re Arana*, 456 B.R. 164, 169 (E.D.N.Y. 2011)

A reopening of a case lies in the court's discretion and is based on the circumstances and the equitable nature of the bankruptcy proceeding. *Curry v. Castillo* (*In re Castillo*), 297 F.3d 940, 945 (9th Cir. 2002); *Elias v. Lisowski Law Firm, CHTD*. (In re Elias), 215 B.R. 600, 604 (B.A.P. 9th Cir. 1997). The moving party bears the burden of demonstrating sufficient cause to reopen. *In re Winburn*, 196 B.R. 894, 897 (Bankr. N.D. Fla. 1996).

In *Rosinski v. Boyd (In re Rosinski)*, 759 F.2d 539, 540-41 (6th Cir.1985) the court held that it was well settled that decisions as to whether to reopen bankruptcy cases may be made upon a showing of abuse of discretion by the bankruptcy judge. In *Citizens Bank & Trust Co. v. Case (Matter of Case)*, 937 F.2d 1014, 1018 (5th Cir.1991) the court held that 11 U.S.C. Sec. 350(b) provided that a case may be reopened in the court in which it was closed to administer assets, to accord relief to the debtor, "or other cause." This discretion depends upon the circumstances of the individual case and accords with the equitable nature of all bankruptcy court proceedings. *Hawkins*, 727 F.2d at 326, *In re Towns*, 16 B.R. 949 (Bkrtcy.N.D.Iowa 1982).

The phrase "other cause" as used in Sec. 350(b) is a broad term which gives the bankruptcy court discretion to reopen a closed estate or proceeding when cause

for such reopening has been shown). See in re *Rosinsk*i at 540-541, *Hawkins v. Landmark Finance Co*., 727 F.2d 324, 326 (4th Cir.1984). Certainly the rights of a creditor who has been defrauded by a bankruptcy debtor are more closely aligned with equity than protecting the debtor who perpetrated the fraud.

In *In re Arana, supra,* at 175–77 the court found a lack of prejudice to debtors where they were on notice of the potential action and the motion for reopening was brought almost five years after the bankruptcy case was closed. In *Biesek v. Soo Line Railroad Company*, 440 F.3d 410 (7th Cir., 2006), the court dealt with an intransigent defendant who refused to disclose an important asset and held that, "Biesek's nondisclosure in bankruptcy harmed his creditors by hiding assets from them. . . . Yet the creditors have not contradicted themselves in court. They were not aware of what Biesek has been doing behind their backs. . . . [D]istrict judges should discourage bankruptcy fraud by revoking the debtors' discharges and referring them to the United States Attorney for potential criminal prosecution." Id. at 413.

"[I]t is established case law that a trustee's powers are terminated only when the estate has been *properly* closed. It would be incongruous to permit a debtor who has failed to disclose assets to use this failure (and the subsequent erroneous closing) as a shield against reopening." *White v. Boston*, 104 B.S. 951, 954 (S.D. Ind., 1989).

"The Supreme Court subsequently universalized the doctrine in *Holmberg v. Armbrecht*, 327 U.S. 392, 397, 66 S.Ct. 582, 585 (1946), where it stated that the equitable tolling doctrine should be 'read into every federal statute of limitations.' The Seventh Circuit, further refining the doctrine, has ruled that the tolling doctrine operates against 'those who negligently facilitate fraud' as well as those who take affirmative steps to conceal fraud." *White, supra*, at 956.

"It is undoubtedly the duty of the bankruptcy court to reopen an estate upon becoming informed that there are assets of the estate which have not been

administered." *Doyle v. Ponsford*, 136 F.2d 401 (8th Cir. 1943). Both the practice and inheritance have not been properly administrated, or, indeed, for the inheritance, not administered at all.

"[R]eview of the bankruptcy court's decision to reopen an estate or proceeding is governed by the abuse of discretion standard." *Citizens Bank & Trust Co. v. Case (Matter of Case)*, 937 F.2d 1014, 1018 (5th Cir.1991). Here, the bankruptcy court had two opportunities to reopen the case and allow for questioning and submission of materials concerning the valuation of Johnson's practice, the latter of which opportunity, the decision on which this appeal is made, also allowed for investigation concerning the possible fraud with regard to Johnson's inheritance.

Bankruptcy courts have broad discretion when deciding whether to reopen a closed case. *See In re Farley*, 451 B.R. 235, 237 (Bankr.E.D.N.Y. 2011). The decision "invoke[s] the exercise of a bankruptcy court's equitable powers, which is dependent upon the facts and circumstances of each case." *Katz v. I.A. Alliance Corp. (In re I. Appel Corp.)*, 104 Fed.Appx. 199, 200 (2d Cir.2004) (internal quotation marks omitted).

The court in *In re Lewis*, 273 B.R. 739, 747 (Bankr.N.D.Ga.2001) held that "the persuasive factor for the Court to weigh in deciding whether to reopen this case is not its effect upon the Debtor . . . but rather the effect a reopening would have on the creditors of the Debtor's estate".

Further, in a case involving a delay of eight years it was noted that notwithstanding the broad discretion courts have when deciding a motion to reopen, "courts have held that the court 'has a duty to reopen the estate whenever there is proof that it has not been fully administered,' and to permit the addition of an asset to the schedules." *In re Stein*, 394 B.R. 13, 15 (E.D. NY 2008) (citing *Lopez v. Specialty Rests*., 283 B.R. 22, 27). See also *In re Miller*, 347 B.R. 48, 53 (Bankr. S.D.Tex. 2006) ("cases are routinely reopened, in accordance with the statute, to

administer those assets" that were not listed on schedules). That is preceisely what is needed here.

In *Kozman v. Herzig (In re Herzig*), 96 B.R. 264, 266 (9th Cir. BAP 1989) the court stated that it is an abuse of discretion to deny a motion to reopen where " 'assets of such probability, administrability and substance ... appear to exist as to make it unreasonable under all the circumstances for the court not to deal with them' ") (citing *In re Johnson*, 291 F.2d 910, 911 (8th Cir.1961)).

Although some courts have looked to whether the debtor's nondisclosure was intentional, the better view is that creditors in the bankruptcy case should not be deprived of their ability to be paid proceeds of the asset regardless of the debtor's intent, and that the bankruptcy case should ordinarily be reopened so the asset can be administered to prevent a windfall to the defendant. *In re Arana, supra* at 165.

**ARGUMENT**

In the instant matter, the facts and circumstances are simple:

1. Johnson misled the trustee about the value of his practice;
2. Johnson misled the trustee by refusing to disclose the inheritance;
3. MDD was not informed of the pendency of Johnson's bankruptcy petition as a result of an error by the trustee;
4. MDD was refused the opportunity to attend the meeting of creditors and questioning Johnson because neither were aware of it;
5. When MDD sought relief by way of reopening of the bankruptcy proceeding after learning about the undisclosed inheritance, the bankruptcy court egregiously abused its discretion by refusing to even hold a hearing on the merits of Appellant's motion regarding concealment of the inheritance or to consider and to address the issue of Johnson's inheritance, as well as the issue of Johnson not disclosing the value of his practice. Bankruptcy court

erroneously claimed that the hearing was held previously, however the transcript of the 05.07.2012 hearing (Exhibit E) clearly shows that the court did not address any concealments of assets.

6. It is an anathema to the bankruptcy system for a debtor to walk away from the proceeding with far more money than it would take to make the creditor whole.
7. The matter can be readily resolved by reopening the Johnson bankruptcy proceeding and allowing Appellant to recover the assets which Johnson fraudulently concealed.

The authority cited above establishes beyond reasonable argument that when a debtor is not entitled to a windfall and if that debtor fails the disclose substantial assets to the detriment of a creditor, a bankruptcy proceeding previously closed must be reopened to ensure that justice is done. MDD was not informed of Johnson's bankruptcy petition until after the meeting of creditors and, indeed, just a day before the bankruptcy was closed. Johnson was not properly questioned about the value of his practice nor did he reveal his inheritance. The bankruptcy court failed to even hold a hearing on MDD's motion. MDD is entitled to funds and assets in the possession of Johnson at the time of his bankruptcy and can only obtain them by the reopening of the bankruptcy case. Justice requires no less.

## CONCLUSION

In view of all of the foregoing, Appellant MDD requests that this Honorable Court grant this appeal and order the reopening of the underlying bankruptcy case.

Respectfully submitted on this _7_ day of August 2016 by,

/s/ Orly Taitz

Orly Taitz, Esq.
Law Offices of Orly Taitz
Rancho Santa Margarita Parkway, Ste. 100
Rancho Santa Margarita, California 92688
Attorney for Appellant/Creditor
Medical Dental Development, LLC

**Certificate of Service**

I, Orly Taitz, declare that appellees were served with attached pleadings on 08.07.2015 via ECF

/s/ Orly Taitz