CASE NO. SACV16-00398-JAK

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

IN RE: DAVID A. JOHNSON

Debtor

MEDICAL DENTAL DEVELOPMENT LLC

Appellant

v.

DAVID A. JOHNSON

Appellee

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

BRIEF FOR DAVID A JOHNSON AS APPELLEE

BRUCE DAVID WHITE
WHITE AND ROSEMAN
1301 Dove Street, Suite 820
Newport Beach, CA 92660
949-622-6100
whiteandroseman@aol.com

**TABLE OF CONTENTS**

|  | PAGE |
|---|---|
| STATEMENT OF THE CASE | 4 |
| ARGUMENT | |
| I. THE BANKRUPTCY COURT DID NOT ERR AND DID NOT ABUSE ITS DISCRETION IN NOT REOPENING JOHNSON'S CHAPTER 7 CASE | 6 |
| CONCLUSION | 8 |
| CERTIFICATE OF COMPLIANCE | 9 |
| CERTIFICATE OF SERVICE | 10 |

# TABLE OF AUTHORITIES

**CASES:**                                                                 **PAGE**

Curry v. Castillo (In re Castillo) 297 F.3rd 940, 945 (9th Cir 1997).         7

In re Eisen 31 F.3rd 1447, 1451 (9th Cir 1994)                                8

In re Winburn 196 B.R. 894,897 (Bankr. N.D. FLA 1996)                         8


**STATUTE:**

11 U.S.C. § 350(b)                                                            7

## STATEMENT OF THE CASE

David A. Johnson (Johnson) is a chiropractor in Orange County, CA. He was formerly a tenant in a building owned by Medical Dental Development, LLC (MDD) located at 29839 Santa Margarita Parkway, Rancho Santa Margarita, CA. Johnson vacated the property prior to the end of his lease. MDD filed suit against Johnson and obtained a judgment on July 20, 2011 for $290,575.00. On July 26, 2011 Johnson filed a Chapter 7 bankruptcy petition in the Central District of California, case no. 8:11-bk-20423-MW. The case was originally assigned to Chapter 7 Trustee Richard Marshack. On August 31, 2011 Mr. Marshack withdrew from his appointment as the Chapter 7 Trustee (Appendix #1). Weneta Kosmala was appointed the new Chapter 7 Trustee and the 341(a) hearing was continued to September 20, 2011 (Appendix #2). Contrary to MDD's statement that "the panel trustee did a cursory, at best, review of Johnson's assets", when the Chapter 7 was reassigned to Ms. Kosmala, she immediately sent out an email requesting additional tax returns, bank statements and financial statements for all businesses. (Appendix #3). On September 13, 2011 my office provided the requested documents to Ms. Kosmala via Doclink, and her office acknowledged receipt (Appendix #4).

Johnson appeared at the scheduled 341(a) hearing on September 20, 2011 at 2:00pm. Ms. Kosmala thoroughly questioned Johnson regarding his chiropractic practice, receivables, equipment and value of the business. The hearing was concluded and she excused Johnson. On November 17, 2011 discharge was entered (Appendix #5). On November 22, 2011 the bankruptcy case was closed (Appendix #6).

On November 22, 2011 MDD filed an Emergency Motion to Set Aside Discharge of Debtor Due to Lack of Notification of Bankruptcy Filing to Major Creditors, Due to Bankruptcy Application Being Filed by Fraud Upon the Court and Creditors Committed by Debtor David Johnson, His Attorney and Trustee (Appendix #7). On November 23, 2011, Judge Wallace entered an order denying the motion (Appendix #8). On November 28, 2011 MDD filed a second Emergency Motion to Set Aside Discharge of Debtor Due to Lack of Notification of Bankruptcy Filing to Major Creditors, Due to Bankruptcy Application Being Filed by Fraud Upon the Court and Creditors Committed by Debtor David Johnson, His Attorney and Trustee

1 (Appendix #9) and a Motion to Reopen the Chapter 7 Case (Appendix #10). On December 9, 2011, Judge Wallace entered an order denying MDD's emergency motion to set aside the discharge (Appendix #11) and set for hearing on February 6, 2012 at 3:00pm MDD's motion to reopen the case (Appendix #12).

On February 6, 2012, the court entered an order continuing the hearing and setting evidentiary hearing on the emergency motion to the motion to reopen the Chapter 7 until May 7, 2012 (Appendix #13). An evidentiary hearing was held on May 7, 2012. MDD's emergency motion to reopen the Chapter 7 was denied with prejudice. On May 11, 2012, Judge Wallace issued a memorandum decision and order denying with prejudice creditor MDD's motion to reopen the bankruptcy case (Appendix #14).

Over three and a half years later, on February 8, 2016 MDD filed a Motion to Reopen Due to Fraud and Non-Disclosure of Inheritance and Value of Business and scheduled a hearing for March 7, 2016 at 2:00pm (Appendix #15). On February 24, 2016 the court entered an order denying the motion to reopen with prejudice without a hearing on the ground that the same motion was previously denied with prejudice and because of improper service (failure to serve the debtor) and calendaring a hearing date in violation of Local Bankruptcy Rule 5010-1(c) (Appendix #16). MDD then filed their Notice of Appeal (Appendix #17).

# ARGUMENT

## I.
## THE BANKRUPTCY COURT DID NOT ERR AND DID NOT ABUSE ITS DISCRETION IN NOT REOPENING JOHNSON'S CHAPTER 7 CASE.

MDD filed an Emergency Motion to Set Aside Discharge of Debtor Due to Lack of Notification of Bankruptcy Filing to Major Creditors, Due to Bankruptcy Application Being Filed by Fraud Upon the Court and Creditors Committed by Debtor David Johnson, His Attorney and Trustee on November 22, 2011 (Appendix #7). The following day, November 23, Judge Wallace entered an order denying the motion (Appendix #8). MDD then refiled the same motion (Appendix #9) and a Motion to Reopen the Chapter 7 (Appendix #10). MDD alleged that they did not receive notice of the Chapter 7 filing and further that the debtor, the debtor's attorney and the panel trustee, Weneta Kosmala colluded to defraud creditors in the case. MDD further alleged that Ms. Kosmala did not do any due diligence in the case and MDD contended that debtor's chiropractic practice had significant value and that there was no attempt by the trustee to ascertain any of the assets and income of the debtor and his spouse. An evidentiary hearing was held on May 7, 2011. The burden of proof was on MDD to prove non-receipt of the notice of bankruptcy filing. The court determined that MDD failed to meet its burden of proving non-receipt of the notice (Appendix #14).

On the second issue in the Motion to Reopen, the court found that panel Trustee Weneta Kosmala requested the following documents which were provided by debtor:

1. 2009 Tax Return
2. 2010 Tax Return
3. Bank statements from 90 days pre-petition through date of demand
4. Financial statements for all businesses including detailed income statements, balance sheets, disbursement logs, receipt logs, account receivable ageing reports.
5. Proof of insurance
6. Last mortgage statements for any real property (debtor did not own real property)

The court determined that MDD failed to meet its burden to show a cause of action against Johnson, Johnson's attorney and Trustee Weneta Kosmala for conspiracy to defraud creditor. The court found:

///

1  "However, the evidence shows that the panel Trustee demanded and obtained production of important tax and financial records.  There is no evidence of collusion or malfeasance of the panel Trustee other than MDD's allegations, and these allegations are not supported by any material evidence." (Appendix #14).

A court may reopen a closed bankruptcy case to accord relief to the debtor or for other cause. 11 U.S.C. § 350(b).  Judge Wallace's Memorandum Decision and Order correctly set forth that "a bankruptcy court's decision to reopen is entirely within its sound discretion, based upon the circumstances of each case."  <u>Curry v. Castillo</u> (In re Castillo) 297 F.3rd 940, 945 (9th Cir 1997).  At the evidentiary hearing held on May 7, 2012, Judge Wallace reviewed the detailed financial documents that the Chapter 7 Trustee Weneta Kosmala requested, and were provided by Johnson.  Judge Wallace observed and heard the testimony of Johnson that he provided the requested documents to Ms. Kosmala.  Ms. Kosmala also questioned Johnson about his chiropractic practice.

```
     Q     Okay.  And do you recall – or you appeared at the 341(a) hearing in front
of Ms. Kosmala, correct?
     A     I did, yes.
     Q     And do you recall, did she ask you any questions about your practice?
     A     She did.
     Q     And do you recall specifically what she asked you about your practice?
     A     She wanted to know what type of practice I had, was it a large practice
that included multiple doctors and the ability to sell for lots of money, or was it a small
one-doctor office whose value lied mostly in the doctor.  I told her it was a small one-
doctor office, its value mostly lied in the fact that I was there.  She indicated that she was
very familiar with that type of practice and that it probably had very little value.
(Appendix #18, page 20).
```

Even though MDD's Motion to Reopen was denied with prejudice on May 11, 2012, more than 3 ½ years later on February 8, 2016, MDD filed a Motion to Reopen Due to Fraud and Non-Disclosure of Inheritance and Value of Business.  This motion did not address the issue of MDD's alleged lack of notice of the 341(a) hearing.  The first allegation was to the value of Johnson's chiropractic practice which had been resolved back in 2012.  The second allegation was to an alleged inheritance that Johnson received.  The motion attached MDD's letter to Chapter 7 Weneta Kosmala and a request by Ms. Kosmala's office for additional information regarding the inheritance (Appendix #15).  There is no mention if the alleged inheritance was

APPELLEE'S OPENING BRIEF - 7

received before or after July 26, 2011, the date Johnson filed his Chapter 7.  Ms. Kosmala has been a Chapter 7 panel trustee in the Central District of California for over 20 years.  She is well known and respected as the most thorough, detail oriented Chapter 7 trustee in Santa Ana.  If MDD contacted Ms. Kosmala about a possible inheritance, there is no doubt that she would investigate it.  By not taking any action to join in the Motion to Reopen the case, Ms. Kosmala had determined there was nothing to the allegation.

On February 24, 2016 the court entered an order denying the Motion to Reopen with prejudice without a hearing on the grounds that the same motion was previously denied with prejudice (Appendix #16).  This ruling was based on the sound discretion of the court.  The Ninth Circuit in discussing the exercise of discretion has stated:

> "The trial court's exercise of its discretion will not be disturbed unless there is a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors. Castillo supra, citing in re Eisen 31 F.3rd 1447, 1451 (9th Cir 1994)"

The moving party has the burden to demonstrate sufficient cause to reopen the case.  In re Winburn 196 B.R. 894,897 (Bankr. N.D. FLA 1996).  The prior motion to reopen was denied with prejudice on May 11, 2012 (Appendix #12).  MDD filed its current Motion to Reopen on February 8, 2016 (Appendix #15).  MDD failed to demonstrate sufficient cause to reopen the case.  Therefore the court entered an order denying the motion to reopen with prejudice.  There is no question that Judge Wallace weighed all relevant factors and there was no clear error of judgment.

## CONCLUSION

In conclusion, the court did not abuse its discretion in denying MDD's Motion to Reopen the case.  The bankruptcy court's order should be affirmed.

Dated: 9/19/16                    Signed: /s/ Bruce David White
                                          Bruce David White
                                          Attorneys for David A. Johnson

**CERTIFICATE OF COMPLIANCE**

Counsel of Record hereby certifies that pursuant to Rule 8.204(c)(1) or 8.360(b)(1) of the California Rules of Court, the enclosed brief is produced using 12-point Roman type and contains approximately 2025 words, which is less than the total words permitted by the rules of court. Counsel relies on the word count of the computer program used to prepare this brief.

Dated: 9/19/16               Signed: /s/ Bruce David White
                                     Bruce David White
                                     Attorneys for David A. Johnson

**CERTIFICATE OF SERVICE**

I hereby certify that on September 19, 2016, a true and correct copy of the foregoing document entitled: **APPELLEE'S OPENING BRIEF** was filed via electronic filing and served on the following:

<u>*Served via personal delivery:*</u>

Honorable John A. Kronstadt
United States District Judge
Roybal Federal Building
255 E. Temple Street, Courtroom 750
Los Angeles, CA 90012

<u>*Served via CMECF:*</u>

Orly Taitz    orly.taitz@hushmail.com

Dated: <u>9/19/16</u>                             Signed: <u>/s/ Bruce David White</u>
                                                           Bruce David White
                                                           Attorneys for David A. Johnson