1  Orly Taitz   SBN: 223433
   Law Offices of Orly Taitz
2  Rancho Santa Margarita Parkway, Ste. 100
   Rancho Santa Margarita, California 92688
3  Telephone:  (949) 683-5411
   Facsimile:   (949) 766-7603
4
5  Attorney for Appellant/Creditor
   Medical Dental Development, LLC

6

7               **UNITED STATES DISTRICT COURT**

8               **CENTRAL DISTRICT OF CALIFORNIA**

9

10

11

12  In re:                             Case No. SACV 16-00398 JAK

13                                     Bankruptcy Court Case No.:
                                       8:11-bk-20423-MW
14  DAVID JOHNSON,

15        Debtor

16  _____

17                                     **APPELLANT'S CLOSING BRIEF**

18  MEDICAL DENTAL
    DEVELOPMENT, LLC,
19
          Appellant/Creditor,          **APPEAL OF DENIAL TO REOPEN**
20                                     **BANKRUPTCY DUE TO FRAUD,**
       v.                              **CONCEALMENT OF**
21                                     **BANKRUPTCY ASSETS AND**
    DAVID JOHNSON,                     **FALSE BANKRUPTCY**
22                                     **DECLARATIONS IN HIDING**
          Appellee/Debtor              **ASSETS**
23

24

25

26

27

28

# TABLE OF CONTENTS

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    I.    The Evidence Supports Reopening the Johnson Bankruptcy. . 4

    II.   The Factors Favor Reopening the Johnson Bankruptcy. . . . . . 6

    III.  The Appellant's Burden Has Always Been Met . . . . . . . . . . . 8

    IV.  Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ..11

# TABLE OF AUTHORITIES

**Cases**

| | |
|---|---|
| *In re Arana*, 456 B.R. 164 (E.D.N.Y., 2011) | 7,8 |
| *In re Barsky*, 933 F.2d 1043 (9th Cir., 1991) | 10 |
| *In re: Consolidated Freightways Corp.*, Case No. EDCV-16-164-MWF (C.D. Cal., 2016) | 7, 8 |
| *In re Welch*, No. BK 11-18277-LBR (B.A.P. 9th Cir. Jan. 5, 2015) | 7 |
| *Lopez v. Specialty Res. Corp.*, 283 B.R. 22 (B.A.P. 9th Cir. 2002) | 6 |
| *McGhan v. Rutz*, 288 F.3d 1175 (9th Cir., 2002) | 9 |
| *Perle v. Fiero*, 725 F.3d 1023 (9th Cir., 2013) | 9 |
| *Pfingston v. Ronan Engineering Co.*, 286 F.3d 999 (9th Cir., 2002) | 4 |
| *United States v. Hinkson*, 585 F.3d 1247 (9th Cir. 2009) | 7 |

# ARGUMENT

## I.

## THE EVIDENCE SUPPORTS REOPENING THE JOHNSON BANKRUPTCY

Appellant/Creditor Medical-Dental Development ("MDD") provided more than adequate evidence to support the reopening of the bankruptcy of Debtor/Creditor Appellee David A. Johnson ("Johnson") by providing the Declaration of attorney Orly Taitz ("Taitz"), Exhibit 1 to the Motion to Reopen Due to Fraud and Non-Disclosure of Inheritance in case number 8:11-bk-20423-MW, a copy of which was attached as Exhibit 7 to the Appellant's Opening Brief. The declaration makes three points, as follows:

    1. The former partner of Appellee Johnson, Raif Iskander, D.C. ("Iskander") recently revealed that Johnson received an inheritance from his father which he did not include in his bankruptcy petition.

    2. Iskander also stated that Johnson failed to include information that would demonstrate the true worth of Johnson's chiropractic practice.

    3. Mr. Sam Reader ("Reader"), a professional chiropractic practice management consultant and evaluator of chiropractic practices, sent a detailed letter to Taitz wherein Reader stated that busy practices, such as the one owned by Johnson, are sold on the basis of accounts receivable and can be equal to or greater than $290,000, even over $500,000. The letter is attached to the Declaration of Taitz as Exhibit 2.

No objection to the declaration was made nor was Taitz ever questioned about the declaration. All possible objections were therefore waived, including hearsay. ("In order to preserve a hearsay objection, a party must either move to strike the affidavit or otherwise lodge an objection with the . . . court." *Pfingston v.*

APPELLANT'S CLOSING BRIEF 4

*Ronan Engineering Co.*, 286 F.3d 999 (9th Cir., 2002). Yet the bankruptcy court ignored the uncontroverted facts stated in the declaration upon which the Johnson bankruptcy proceeding could have been justified.

### A. JOHNSON DID NOT DENY AND THEREFORE ADMITTED THAT HE RECEIVED INHERITANCE FROM HIS FATHER, WHICH HE DID NOT INCLUDE IN HIS BANKRUPTCY PETITION

The central point of this appeal is the **new information** received from Dr. Raif Iskander, David Johnson's former business partner, namely, the fact that Johnson defrauded the Bankruptcy court, trustee and the creditor, MDD, and did not include in the bankruptcy petition inheritance that Johnson received from his father. Exhibit 7 to the Appellant's brief includes declaration of Orly Taitz and correspondence with Johnson's attorney, Bruce White. Taitz, attorney for MDD, forwarded to Johnson, through his attorney, a request, made by the office of the trustee, to forward the information regarding the inheritance. At that point Johnson could provide a sworn declaration that he did not receive the inheritance. Johnson did not do that. When the creditor filed a motion to reopen on February 8, 2016, Johnson had an opportunity to submit to the bankruptcy court an affidavit or a sworn declaration stating that he did not receive the inheritance. He did not do so. Lastly, in the Appellee's brief in this court, Johnson had an opportunity to file an affidavit or a sworn declaration that he did not receive the inheritance. He did not do that and never denied that he received the inheritance from his father, which he did not include in his declaration of assets in the bankruptcy court. As such, Johnson admitted that he defrauded the creditor, the trustee and the court by not disclosing the inheritance from his father. Similarly, Johnson did not provide any evidence to controvert the letter by the appraiser/ broker, Sam Reader, and his former partner, Raif Iskander, that the Good Will of his practice is much higher than the nominal value declared by Johnson, possibly higher than the judgment obtained by MDD.

## B. Bankruptcy court erred and abused its' discretion in not considering the new evidence

Johnson did not file any opposition to the Motion to Dismiss, even though he was served by both ECF and mail (see certificate of service). Bankruptcy court summarily denied the motion without any opposition from the Debtor and without any hearing. Bankruptcy court denied the motion stating that previously there was a motion to dismiss in 2011. However, it appears that the Bankruptcy court never even read the new motion, filed in 2016, as the new motion contained <u>new evidence which was not known to the creditor or trustee or the court in 2011.</u> As an example, statement by Iskander that Johnson did not reveal his inheritance to the bankruptcy court, is the new information. Bankruptcy court erred and abused its' discretion by not addressing the new evidence.

## II.

## THE FACTORS FAVOR REOPENING THE JOHNSON BANKRUPTCY

In the recent June 28, 2016 case *In re: Consolidated Freightways Corp. et al.*, Case No. EDCV-16-164-MWF (C.D. Cal., 2016), an opinion affirming the bankruptcy court's order, debtor/appellants owned certain real property in Hayward but for reasons unknown the quitclaim deed reflected a different property in Emeryville, not Hayward. It was not until late 2015 that the defects were discovered when a prospective purchaser expressed interest in the Hayward property. In December 2015, the Appellants filed a Motion to Reopen Case for the Limited Purpose of Correcting Sale Order and Defective Deed with the Bankruptcy Court. The motion was denied based on a detailed analysis. The appellate court stated that,

> "Denial of a motion to reopen a bankruptcy case is reviewed for an abuse of discretion. *Lopez v. Specialty Res. Corp. (In re Lopez)*, 283 B.R. 22, 26 (B.A.P. 9th Cir. 2002). To determine whether the Bankruptcy Court abused

its discretion, the Court conducts a two-step inquiry: (1) the Court reviews de novo whether the Bankruptcy Court 'identified the correct legal rule to apply to the relief requested'; and (2) if it did, the Court considers whether the Bankruptcy Court's application of the legal standard was illogical, implausible, or 'without support in inferences that may be drawn from the facts in the record.' *United States v. Hinkson*, 585 F.3d 1247, 1261-62 & n.21 (9th Cir. 2009) (*en banc*).

"'Application to have the estate reopened may be made by an 'interested party' who would be benefitted by the reopening.' *In re Welch*, No. BK 11-18277-LBR, 2015 WL 65307, at *4 (B.A.P. 9th Cir. Jan. 5, 2015) (citation omitted). The Bankruptcy Court's decision to reopen or not is discretionary and governed by 11 U.S.C. § 350. Id. In exercising this discretion, the Bankruptcy Court may consider numerous factors, including,

(1) the benefit to creditors,

(2) the benefit to debtor,

(3) the prejudice to affected parties,

(4) the availability of relief in other forums,

(5) whether the estate has been fully administered,

(6) the length of time between the closing of the case and the motion to reopen, and

(7) good faith. See *In re Arana*, 456 B.R. 161, 172-73 (Bankr. E.D.N.Y. 2011). '[A] bankruptcy court may consider a number of nonexclusive factors in determining whether to reopen, including (1) the length of time that the case has been closed; (2) whether the debtor would be entitled to relief if the case were reopened; and (3) the availability of non-bankruptcy courts, such as state courts, to entertain the claims. Bankruptcy Courts can also consider whether any parties would be prejudiced were the case reopened or not.' (citations omitted). *In re: Consolidated Freightways Corp. et al*. at 3, 4.

1    The bankruptcy court found that the first six of the factors weighed against
2    reopening the case and the seventh was inapplicable. There was no prejudice to the
3    creditor because there was a simple remedy in another forum: there was title
4    insurance that would cover the problem.
5    In the instant matter, most all of the factors overwhelmingly favor reopening
6    of the Johnson bankruptcy and none support the denial of a reopening except to the
7    benefit of debtor, as follows:
8        1. There is clear benefit to MDD which received nothing on its judgment of
9        almost $300,000.
10       2. The debtor will be able to come clean about what may be fraud or just
11       error.
12       3. Same as 1.
13       4. There is no relief in any other forum.
14       5. The case has been completely administered, save for MDD claims and
15       issues.
16       6. In *In re: Consolidated Freightways*, *et al*, the time period was 14 years;
17       prior case law cited in Appellant's Opening Brief indicated that five years
18       was not too long. *See, e.g., In re Arana*, 456 B.R. 164 (E.D.N.Y., 2011).
19       MDD filed its underlying motion as soon as it received the information from
20       Iskander as discussed supra.
21       7. Johnson has not exhibited good faith throughout this process; MDD has
22       been actively seeking recourse and justice from when it first learned of
23       Johnson's bankruptcy.
24
25   **III.**
26   **THE APPELLANT'S BURDEN HAS BEEN MET**
27
28   The burden is doubtless on Appellant, but from the beginning that burden has

APPELLANT'S CLOSING BRIEF 8

been met by the Appellant despite erroneous decisions and rulings of the trustee and the bankruptcy court to the contrary. In response to the Opening Brief by Johnson, this portion of the argument begins at the beginning. MDD did <u>not</u> receive the notice to creditors as a result of an error by the trustee – the clerk failed to specify the suite number for MDD and it was not delivered. There is no evidence to the contrary and there is certainly evidence that the requisite documents were not delivered, to wit, the Declaration of Taitz, which was attached to MDD's early motion but ignored.

> "When a debtor files a Chapter 7 petition, the debtor lists each of his creditors. The appointed bankruptcy trustee convenes a meeting of these creditors pursuant to 11 U.S.C. § 341(a). <u>All creditors must receive at least 30 days' advance notice of the creditors' meeting</u>. Rule 4007(c)." *Lon McGhan v. Jason Rutz*, 288 F.3d 1175, 1176 (9th Cir., 2002).

> "Under the bankruptcy rules, a creditor has a limited window of time in which to challenge the dischargeability of certain kinds of debts. That window stays open, though, if the creditor doesn't receive adequate notice of the bankruptcy from the debtor." *Perle v. Fiero*, 725 F.3d 1023 (9th Cir., 2013).

That uncontroverted Declaration of Taitz, signed on November 21, 2011, originally filed on November 22, 2011 in case number 8:11-bk-20423-MW and attached as page 28 to the Appendix of Opening Brief filed on September 19, 2016 by David A. Johnson in this matter states in pertinent part that,

> "1. I, Orly Taitz, am an attorney for creditor Medical Dental Development, LLC, I am aware of the following facts and can and will competently testify to the following:

APPELLANT'S CLOSING BRIEF 9

"2. Medical Dental Development did not receive notice of this bankruptcy filing until around November 15, 2011, when a letter from Bruce White, attorney for debtor David Johnson was received. . . .

"I declare under penalty of perjury that my statement is true and correct[.]"

Taitz could have been questioned by Johnson at the hearing on the underlying motion as to the bases of her declaration, but she was not. An objection could have been filed but that was not done. An opposing declaration by Johnson could have been submitted. There is no discussion in the ruling on the motion as to why the trustee's guessing, conjecture and supposition was used as the basis of the ruling while the uncontroverted testimony of Taitz was completely ignored. *This is abjectly wrong*. MDD more than met its burden of proving the non-receipt of the notice by way of the Declaration which was neither refuted, controverted, questioned or to which an objection was made.[1]

---

[1] It is certainly not without precedent for errors in service to occur. In the unpublished opinion *In re Barsky*, 933 F.2d 1043 (9th Cir., 1991), Barsky failed to receive any notice of the deadline for filing a proof of claim, the creditors' meeting, or the plan confirmation hearing in a timely manner because of the clerk's error. Differentiating Barsky from the instant matter, in *Barsky*, the creditor, Morgan, sat on her hands for several years although being informed of the bankruptcy informally. In particular, "[a]t some point between October 17, 1984, and February 11, 1985, Barsky advised Morgan, by phone, of the pendency of the Chapter 13 proceedings. On February 15, 1985, one month prior to the hearing on the confirmation of the Plan, Morgan received a copy of the Chapter 13 Plan. This document, titled 'Debtor's Chapter 13 Plan' did not name Morgan and did not specifically provide for her claim. On March 11, 1985, Barsky's Chapter 13 Plan was scheduled for hearing and a hearing was held. The Plan was confirmed by Court order entered March 15, 1985. Morgan filed no proof of claim and made no objection to the Plan until April 1, 1987. That was deemed too late and rejected on the basis of laches. In contrast, MDD has acted from the moment it learned of the bankruptcy and has been diligent since that time.

APPELLANT'S CLOSING BRIEF 10

## V.

## CONCLUSION

In view of the opening brief and the foregoing, Appellant MDD respectfully requests that this Honorable Court grant this appeal and order the Bankruptcy of Appellee Johnson be re-opened so that justice may be done.

Respectfully submitted on this 3d day of October 2016 by,

/s/
Orly Taitz, Esq.
Law Offices of Orly Taitz
Rancho Santa Margarita Parkway, Ste. 100
Rancho Santa Margarita, California 92688
Attorney for Appellant/Creditor
Medical Dental Development, LLC