UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV16-00398 JAK | Date | February 23, 2017 |
| Title | *In re David Johnson*<br>Medical Dental Development, LLC v. David Johnson | | |

---

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE APPEAL OF DENIAL TO REOPEN BANKRUPTCY (DKT. 18)   JS-6**

## I.  Introduction

Medical Dental Development, LLC ("MDD"), has appealed the decision by the Bankruptcy Court to deny its motion to reopen the bankruptcy proceeding against David Johnson ("Johnson") due to fraud, concealment of assets, and false bankruptcy declarations. MDD filed this appeal on March 3, 2016. Dkt. 1. The opening brief was filed on August 7, 2016 ("Opening Brief"). Dkt. 18. Johnson opposed the appeal ("Opposition," (Dkt. 22)) and filed an appendix of supporting documents ("Appendix" (Dkt. 23)). MDD replied ("Reply"). Dkt. 24. The Appeal was then taken under submission. Dkt. 17. For the reasons stated in this Order, the decision of the Bankruptcy Court is **AFFIRMED**.

## II.  Factual Background

On April 1, 2011, an award of $290,000 in favor of MDD and against Johnson and two co-defendants was entered in the Orange County Superior Court. Ex. A to Opening Brief, Dkt. 18-1.[1] A corresponding judgment ("Judgment") was entered on July 20, 2011. Ex. 10 to Appendix, Dkt. 23 at 44.[2] According to the findings of fact by the Bankruptcy Court, on July 26, 2011, which was less than a week later, Johnson filed for Chapter 7 bankruptcy. Ex. C to Opening Brief, Dkt. 18-3 at 2. On August 31, 2011, the original Chapter 7 trustee withdrew. Ex. 1 to Appendix, Dkt. 23 at 4. He was replaced the next day by Weneta Kosmala. Ex. 2 to Appendix, Dkt. 23 at 5. Kosmala filed a Chapter 7 Trustee Report of No Distribution on September 27, 2011. Ex. C to Opening Brief, Dkt. 18-3 at 2.

MDD states that it did not receive notice of the bankruptcy until November 15, 2011. That is when it received a letter from counsel who represented Johnson in the bankruptcy proceedings. Ex. B, Dkt. 18-2

---

[1] The documents attached to the Appeal are not supported by a declaration. However, all of them were filed in the docket of the Bankruptcy Court proceedings. Therefore, judicial notice of these public records is appropriate. *In re Icenhower*, 755 F.3d 1130, 1142 (9th Cir. 2014).

[2] The admissibility of the documents in the Appendix is not supported by a declaration. However, for the reasons stated above, it is appropriate to take judicial notice of them.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV16-00398 JAK | Date | February 23, 2017 |
| Title | *In re David Johnson* <br> Medical Dental Development, LLC v. David Johnson | | |

at 2-3. It stated that Johnson had received an Order to Appear for Examination as a part of MDD's effort to enforce the Judgment, and that it violated the automatic stay that had been in place since the filing of the bankruptcy petition. Ex. 8 to Appendix, Dkt. 23 at 19. Johnson received a discharge of bankruptcy on November 17, 2011. The proceedings were closed on November 22, 2011. Ex. C to Opening Brief, Dkt. 18-3 at 2; Exs. 6-7 to Appendix, Dkt. 23 at 10-12.

On November 28, 2011, MDD filed an ex parte emergency motion to reopen Johnson's bankruptcy proceedings. In support of that motion, it argued that MDD had not been notified regarding the bankruptcy filing and that Johnson had misrepresented his assets during the course of the proceedings. Ex. B, Dkt. 18-2 at 1. Specifically, MDD argued that Johnson had a large, successful chiropractic practice and that similar practices had been valued at $500,000. *Id.* at 2. In a separate motion filed concurrently with the motion to reopen, MDD sought to have the discharge of Johnson set aside and his petition for bankruptcy protection denied due to lack of notification, misrepresentation and fraud. *Id.*

The Bankruptcy Court denied the ex parte motion on May 11, 2012. Ex. C to Opening Brief, Dkt. 18-3. It found that, although Johnson properly notified the Bankruptcy Court of MDD's status as a creditor and of its address, the address that appeared for MDD in the court clerk's mailing matrix did not include a suite number. *Id.* at 2; *see also* Ex. 7 to Appendix, Dkt. 23 at 14. However, the Certificate of Notice by the Bankruptcy Noticing Center, under the headline "Bypassed Recipients," included the notation "NONE." *Id.* The Bankruptcy Court then noted that, at the hearing on the motion, MDD argued that it did not receive the notice of the bankruptcy, which must have been delivered to another tenant in its building. *Id.* at 3. MDD did not file a declaration in support of its position. *Id.* Johnson testified, but did not file a declaration in support of his position. He presented several pleadings and court documents of which the Bankruptcy Court took judicial notice after determining that they "appear to be genuine." *Id.*

The Bankruptcy Court found that the testimony and exhibits showed that several medical professionals occupied the building where MDD was located and which it owned. *Id.* There may have been only three numbered suites, and the mailboxes for the suites did not display the name of the tenant. *Id.* The Bankruptcy Court also found that the testimony and exhibits showed that, upon demand of Kosmala, Johnson produced his tax returns from 2009 and 2010, bank statements for the period from 90 days prior to the filing of the petition through the date of the demand, financial statements from all of his businesses, including detailed income statements, balance sheets, disbursement logs, receipts logs, accounts receivable aging reports, proof of insurance and most recent loan statements for all real property. *Id.*

Based on these findings of fact, the Bankruptcy Court determined that MDD had failed to make a sufficient showing of good cause to reopen the proceedings. *Id.* at 4. At the hearing on the motion, the Bankruptcy Court stated that it:

> believes that it's more likely that that letter arrived at [MDD], than the competing alternative that it arrived at somebody else's office, and that person, number one, didn't take it over to [MDD], even though by all the testimony here, these offices were all very close together. And as a matter of common courtesy, it's entirely possible if it was delivered to someone else erroneously, that that person could have delivered it back to [MDD]. Now, of course that's complete speculation too. But it's really no more complete speculation than the speculation that it went to that individual in the first place. And so the bottom line is that the Court believes that the weight of the evidence is that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV16-00398 JAK | Date | February 23, 2017 |
| Title | *In re David Johnson*<br>Medical Dental Development, LLC v. David Johnson | | |

> [MDD] did in fact receive this letter. And on that basis, the Court will deny the motion to reopen with prejudice.

Ex. E to Opening Brief, Dkt. 18-5 at 39.

On September 4, 2015, MDD contacted Kosmala. It stated that it had received new information from Raif Iskander, who was a former partner of Johnson. The information was that Johnson had failed to disclose in his bankruptcy schedules an inheritance that he had received from his father. MDD also alleged that Johnson's partner, as well as an independent evaluator, had opined that chiropractic practices like the one operated by Johnson are valued at least part based on goodwill. They also advised MDD that practices comparable to the one that Johnson operated had sold for more than $290,000, which is the amount of the Judgment claimed by MDD. Ex. D to Opening Brief, Dkt. 18-4 at 5. Kosmala replied and requested the name of Johnson's father, the date on which he died or a copy of his death certificate and a list of assets that he transferred to Johnson. *Id*. at 3. MDD forwarded the request to Johnson's attorney. *Id*. at 2. He did not respond. On February 2, 2016, MDD filed a second motion to reopen the bankruptcy based on this new information. Ex. G to Opening Brief, Dkt. 18-7.

On February 24, 2016, the Bankruptcy Court denied the second motion without a hearing. It did so by relying on the same grounds that were cited in its decision on the prior motion, which was a final decision. It also noted that MDD had failed to serve the debtor with the new motion and that MDD had improperly calendared a hearing date in violation of Local Bankruptcy Rule 5010-1(c). Ex. H, Dkt. 18-8.

**III.     Analysis**

     A.     Legal Standard

"[A] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." *In re Lopez*, 283 B.R. 22, 26 (B.A.P. 9th Cir. 2002) (quoting 11 U.S.C. § 350(b)). "[R]eopening a case is typically ministerial and 'presents only a narrow range of issues: whether further administration appears to be warranted; whether a trustee should be appointed; and whether the circumstances of reopening necessitate payment of another filing fee.'" *Id*. As *Lopez* then explained:

> Therefore, although a motion to reopen is addressed to the sound discretion of the bankruptcy court, the court has the duty to reopen an estate whenever prima facie proof is made that it has not been fully administered. In particular, it is an abuse of discretion to deny a motion to reopen where assets of such probability, administrability, and substance appear to exist as to make it unreasonable under all the circumstances for the court not to deal with them. A motion to reopen can be denied, however, where the chance of any substantial recovery for creditors appears too remote to make the effort worth the risk.

*Id*. at 27 (internal citations and quotations omitted).

In an appeal from an order of a bankruptcy court, conclusions of law are reviewed de novo and findings of fact for clear error. *Blausey v. United States Tr.*, 552 F.3d 1124, 1132 (9th Cir. 2009) (citing *In re Salazar*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-00398 JAK | Date | February 23, 2017 |
|---|---|---|---|
| Title | *In re David Johnson*<br>Medical Dental Development, LLC v. David Johnson | | |

430 F.3d 992, 994 (9th Cir. 2005)). The clear error standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed before reversal is warranted." *United States v. Bourseau*, 531 F.3d 1159, 1164 (9th Cir. 2008) (quotations omitted). A district court may affirm on any ground supported by the record. *Thrifty Oil Co. v. Bank of Am., Nat'l Trust & Sav. Ass'n*, 322 F.3d 1039, 1046 (9th Cir. 2003).

    B.    Application

MDD argues that the Bankruptcy Court abused its discretion when it denied the second motion to reopen.[3] MDD contends that this denial led to a windfall for Johnson, and that the Bankruptcy Court erroneously concluded that the second motion to reopen raised the same issues as the first motion.

    1.    <u>Undervaluation of Johnson's Practice</u>

The allegations that Johnson's chiropractic practice was undervalued were considered and rejected in the order on the first motion to reopen. In support of that motion, MDD argued that

> Johnson was practicing in the same town for some 15 years and had a large clientele. Similar medical/dental or chiropractic practices are typically sold by professional brokers of medical/chiropractic offices for top dollars and sales of half a million to a million dollars for such busy established practices are not uncommon. Typically, when a practice is sold to satisfy debts or upon divorce or for other reasons, the seller signs an agreement, whereby he is obligated not to open a similar practice within 10 miles area, in order for the new owner of the practice to receive a full value for the GOOD WILL of the practice. Apparently David Johnson decided to defraud Medical Dental Development LLC and avoid payment of the debt owed by improperly filing a petition for chapter 7 bankruptcy protection and discharge of all debts, even though he can easily sell his practice and pay off all his debts.

Ex. B to Opening Brief, Dkt. 18-2 at 2.

The Bankruptcy Court addressed these issues in the order that denied the first motion to reopen:

> In MDD's view, panel trustee Weneta Kosmala either colluded with Dr. Johnson and his attorney to defraud MDD and the other creditors or, alternatively, failed to conduct any due diligence and let a valuable asset (namely, the alleged value of Dr. Johnson's chiropractic practice) slip away without appropriating its value for the estate's benefit. However, the evidence shows that the panel trustee demanded and obtained production of important tax and financial records. There is

---

[3] MDD also argues that it was an abuse of discretion to deny the prior motion to reopen. An appeal from this prior order is barred because it is untimely. The initial motion to reopen was denied on May 11, 2012, and an appeal had to be pursued within 14 days of the entry of the order. *See* Fed. R. Bankr. P. 8002 (an appeal from a judgment, order or decree of the bankruptcy court must be filed within fourteen days of entry). Thus, to the extent that the Appeal raises issues regarding the first motion to reopen that were not raised in the second motion to reopen -- *i.e.*, that MDD was not timely informed about the pending bankruptcy petition and that MDD was refused the opportunity to attend the meeting of creditors -- they are not considered. *See* Opening Brief at 11-12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-00398 JAK | Date | February 23, 2017 |
|---|---|---|---|
| Title | *In re David Johnson*<br>Medical Dental Development, LLC v. David Johnson | | |

> no evidence of collusion or malfeasance of the panel trustee other than MDD's allegations, and these allegations are not supported by any material evidence

Ex. C to Opening Brief, Dkt. 18-3 at 4-5.

MDD offers what it contends is new evidence regarding the value of the chiropractic practice. It is attached to the second motion to reopen. This evidence includes correspondence between Orly Taitz, who is the counsel for MDD, and both Kosmala and Johnson's counsel. Ex. G to Opening Brief, Dkt. 18-7 at 11-15. The letter to Kosmala included statements from Taitz that she had been told by Iskander that Johnson's practice had been undervalued. *Id.* at 15. The statements in the letter were supported by the declaration of Taitz in which she stated that Iskander "advised me that Dr. Johnson did not include [the] true worth of his Chiropractic practice." *Id.* at 16. The letter to Kosmala also attached a letter from Sam Reader, the principal of Practice Management Consultants, describing his expertise in valuing chiropractic practices and listing 19 practices that had been sold in California between 2011 and 2015. *Id.* at 18-19.

As an initial matter, although the letters and attachments were filed with the Bankruptcy Court, and are part of the docket, there is no showing that these documents were authenticated, either when filed at the Bankruptcy Court or on this appeal. Thus, although they are admissible as public records for the purpose of showing what was presented to the Bankruptcy Court, the hearsay within them is not admissible. *In re Hudson*, 504 B.R. 569, 574 (B.A.P. 9th Cir. 2014) ("Bankruptcy court decisions must be supported by admissible evidence.").

Even if the declaration of Taitz attached to the letter to Kosmala was admissible, her offer of Iskander's statements is inadmissible hearsay. See Fed. R. Evid. 801(c). Even if the letter of Reader were admissible, it would not provide prima facie proof that Johnson's estate was not fully administered. *See In re Lopez*, 283 B.R. at 27. The letter merely states that "whether high or low -- good or bad -- every practice has value." Ex. G to Opening Brief, Dkt. 18-7 at 18. It also provides a range of sale prices for chiropractic practices without any information as to the basis for those valuations. These prices ranged from $39,000 to $279,000. *Id.* at 19. Without any admissible evidence as to this range or how Johnson's practice would be valued using the same criteria, there is no basis to conclude whether the value of Johnson's practice was within that range.

The Bankruptcy Court had previously considered and rejected the argument that Johnson's practice was undervalued. Ex. C to Opening Brief, Dkt. 18-3 at 4-5. Further, MDD provided no persuasive, admissible new evidence of undervaluation in the second motion to reopen. Therefore, there was no abuse of discretion by the Bankruptcy Court in denying the second motion to reopen on this ground.

    2.    <u>Inheritance</u>

MDD made a new argument in support of the second motion to reopen. Thus, for the first time it argued that Johnson had received an inheritance from his father that he failed to disclose. Ex. G to Opening Brief, Dkt. 18-7 at 4. The basis for this allegation was a statement from Iskander. *Id.* The only evidence of this statement attached to the second motion to reopen were the letters from Taitz to Kosmala and Johnson's counsel and the declaration of Taitz that accompanied the letter to Kosmala. *Id.* at 11-16. For the reasons

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-00398 JAK | Date | February 23, 2017 |
|---|---|---|---|
| Title | *In re David Johnson*<br>Medical Dental Development, LLC v. David Johnson | | |

stated above, this evidence was not authenticated and did not fit within any hearsay exception.

Furthermore, even if this evidence were admissible, it would not have been an abuse of discretion for the Bankruptcy Court to have denied the second motion to reopen. The declaration of Taitz included the following information about the alleged inheritance:

> I was contacted recently by the former partner of Debtor Dr. David Johnson, Dr. Raif Iskander. Dr. Iskander advised me that prior to the discharge of the bankruptcy Dr. Johnson's father passed away and left Dr. Johnson inheritance, which Dr. Johnson did not include in his bankruptcy petition.

*Id.* at 16.

The declaration did not state when Johnson's father died, what Johnson received as an inheritance or its value. Thus, it does not provide "prima facie" proof that Johnson's estate had not been fully administered. *In re Lopez*, 283 B.R. at 27. In light of the earlier findings by the Bankruptcy Court that Kosmala "demanded and obtained production of important tax and financial records" of Johnson, (Ex. C to Opening Brief, Dkt. 18-3 at 5), it is reasonable to conclude that, had Johnson still possessed any assets from any inheritance at the time of his bankruptcy petition, they would have been considered by the bankruptcy trustee.

### IV.  Conclusion

For the reasons stated in this Order, the decision of the Bankruptcy Court is **AFFIRMED**.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | ak |